FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL DE JESUS MANCIA-
GARCIA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-71726

Agency No. A200-967-367

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013**

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Manuel de Jesus Mancia-Garcia, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir. 2006), and we deny the petition for review.

As a preliminary matter, Mancia-Garcia's contentions that the IJ's adverse credibility finding was unsupported and that it violated his due process rights fail because the IJ found him credible.

Substantial evidence supports the BIA's conclusion that Mancia-Garcia failed to establish past persecution where his abusers were private actors, he did not report the abuse, and the record evidence before the IJ does not compel the conclusion that the police were unwilling or unable to protect homosexuals.  *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1080-82 (9th Cir. 2011).  Substantial evidence also supports the BIA's conclusion that Mancia-Garcia failed to establish a well-founded fear of persecution based on his sexual orientation where the record evidence before the IJ did not show that the government would be unable or unwilling to protect him, *see id.*, or a pattern or practice of persecution of homosexuals in Guatemala, *see Wakkary v. Holder*, 558 F.3d 1049, 1061-62 (9th Cir. 2009).  Accordingly, Mancia-Garcia's asylum claim fails.

Because Mancia-Garcia failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of CAT protection because Mancia-Garcia failed to demonstrate it is more likely than not he will be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We do not consider the declaration submitted by Mancia-Garcia that is not contained in the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). Further, we do not consider Mancia-Garcia's country conditions evidence apart from the 2010 country report – this additional evidence was not before the IJ, Mancia-Garcia did not cite to or otherwise make the BIA aware of the evidence on appeal, and there is no indication the BIA reviewed it.

The stay of removal granted on November 7, 2012 continues in effect until the mandate issues. Thus, we deny Mancia-Garcia's renewed motion to stay removal as unnecessary.

**PETITION FOR REVIEW DENIED.**